UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-10802-RWZ


KEVON D. WALKER

v.

ERIC HOLDER, et al.


MEMORANDUM AND ORDER

May 24, 2010

ZOBEL, D.J.

For the reasons stated below, the Court denies the petitioner's motion for habeas

relief and dismisses this action.

I.      **Background**

On May 11, 2010, Kevon D. Walker, an immigration detainee confined at the

Suffolk County House of Correction, filed a pleading captioned as a motion under 28

U.S.C. § 2255 and a motion for appointment of counsel under 18 U.S.C. § 3006A.

Walker seeks relief from a 2009 conviction in a Connecticut state court for sexual

assault and endangerment to a minor.  He indicates in his petition that he pled guilty,

that he was sentenced to nine months of incarceration, and that he has not sought any

other direct or collateral post-conviction relief other than the present petition.

In his motion for appointment of counsel, Walker states that he is a citizen of

Trinidad and Tobago and that, four months ago, he was ordered removed to that

country.  He also states that his removal order is final.  In regards to his conviction, he

complains that, after his arrest, no one informed him of his right to contact the consulate

of Trinidad and Tobago.  He claims that this failure violated his right to consular

assistance, as established by Article 36 of the Vienna Convention on Consular

Relations, and rendered his guilty plea invalid.  Citing the Supreme Court's recent

decision in Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010) (counsel's representation

fell below an objective standard of reasonableness because counsel failed to inform

client that his guilty plea would make him eligible for deportation), Walker also maintains

that his plea was invalid because his counsel failed to inform him that his guilty plea

could lead to removal.

## II.    Discussion

Walker represents that he brings this action under 28 U.S.C. § 2255.  This

statute allows a prisoner "in custody under sentence of a court established by Act of

Congress" to "move the court which imposed the sentence to vacate, set aside or

correct the sentence."  28 U.S.C. § 2255(a).  In other words, § 2255 permits a prisoner

in custody pursuant to a federal criminal sentence to ask the sentencing court to provide

relief from the sentence.  Section 2255 is not the vehicle by which a state criminal

sentence may be challenged.

The appropriate vehicle for attacking a state criminal sentence in federal court is

a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Even if the Court were to

construe Walker's pleading as a § 2254, the Court must deny the petition because it

does not present a basis for relief.[1]  In order to obtain relief under § 2254, the petitioner

---

[1]Under the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition . . . that the petitioner is

must be "in custody" under the conviction which he seeks to challenge.  <u>See</u> 28 U.S.C.

§ 2254 (petition may be filed by "a person <u>in custody</u> pursuant to the judgment of a

State court" (emphasis added)); <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per

curiam) (federal courts lack jurisdiction over habeas petitions unless petitioner is "under

the conviction or sentence under attack at the time his petition is filed").  Here, Walker

represents that he completed his sentence and is in custody--not as a sentenced

prisoner--but as an immigration detainee.  Because he has completed his criminal

sentence for the conviction which he seeks to challenge, Walker is not "in custody" for

purposes of § 2254.  <u>See</u> <u>Ogunwomoju v. United States</u>, 512 F.3d 69, 74-75 (2d Cir.

2008) (immigration detainee ordered removed as the result of an expired criminal

conviction is not "in custody" for purposes of § 2254); <u>Resendiz v. Kovensky</u>, 416 F.3d

952, 958 (9th Cir. 2005).[2]

Further, before a litigant may file a § 2254 petition, he must first exhaust all

available state remedies or demonstrate that there is an absence of state remedies or

that any state remedies are ineffective to protect the rights of the petitioner.  <u>See</u> 28

---

not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of
the Rules Governing Section 2254 Proceedings.

[2]If Walker were a probationer or parolee under the conviction he seeks to
challenge, he would satisfy the "in custody" requirement of § 2254 notwithstanding the
fact that he was not incarcerated pursuant to his conviction.  <u>See</u> <u>Jones v. Cunningham</u>,
371 U.S. 236, 242 (1963) (explaining that parolee was "in custody" for purposes of
§ 2254 because "the custody and control of the Parole Board involve significant
restraints on petitioner's liberty ... which are in addition to those imposed by the State
upon the public generally"); <u>Hurtado v. Tucker</u>, 245 F.3d 7, 10 n.2 (1st Cir. 2001)
(habeas petitioner, paroled on a state conviction and undergoing removal proceedings
arising from that conviction, satisfied the "in custody" requirement of § 2254).  Walker
does not suggest, however, that he is serving a period of probation or parole pursuant
to the conviction he is challenging.

U.S.C. § 2254(b)(1).  As Walker represents that he has not sought relief from his conviction in the Connecticut state courts, it does not appear that the exhaustion requirement has been satisfied.

Finally, to the extent that the petitioner is attacking the validity of his removal order, under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, this Court is without jurisdiction to entertain such a challenge.  Judicial review of an order of removal is only available before the appropriate court of appeals.  See 8 U.S.C. § 1252(a)(5).[3]

**III.   Conclusion**

Accordingly, the petition is denied without prejudice, and this action shall be dismissed.

SO ORDERED.

 5/24/10                             /s/ Rya W. Zobel
DATE                                RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE

---

[3]The REAL ID Act does not preclude this Court from entertaining a habeas petition brought by an immigration detainee who claims that he has been detained for six or more months since his removal order became final, and that his removal is not reasonably foreseeable.  See Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (REAL ID Act did not preclude habeas review "over challenges to detention that are independent of challenges to removal orders" (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005))); Zadvydas v. Davis, 533 U.S. 678, 689, 701 (2001) (detention for more than six months after removal order has become final may violate due process rights if removal is not reasonably foreseeable).  However, any such claim is premature as Walker's removal order became final less than six months ago.